PER CURIAM.
This cause is before us on appeal from a final order of the Department of Insurance (the Department) denying the petition of American Financial Security Company (American) for amendment to its certificate of authority (COA).
American is a foreign insurer, domiciled in Missouri, and licensed by the Department to transact life insurance in Florida pursuant to Chapter 624, Florida Statutes. On May 26, 1989, American requested that its COA be amended to add credit life and/or credit accident and health (credit disability), and accident and health to its COA.
On December 23, 1990, the Department denied American’s petition for amendment to its COA and explained that Section 624.-404(2), Florida Statutes, requires an insurer to have successfully operated a particular line of insurance for three years in its home state before that line can be authorized in Florida.
American requested a hearing pursuant to Section 120.57(2), Florida Statutes. After final hearing, the hearing officer issued a recommended order denying the application for amendment and finding that the Department’s- “interpretation of Section 624.404(2) ... is within its discretion and is based on sound public policy.” The Department accepted the hearing officer’s findings of fact and conclusions of law, and denied the petition for amendment to American’s COA.
Section 624.404, Florida Statutes, states in pertinent part:
(2) No foreign or alien insurer or exchange shall be authorized to transact insurance in this state unless it is otherwise qualified therefor under this code and has operated satisfactorily for at least 3 years in its state or country of domicile; however, the department may waive the 3-year requirement if the foreign or alien insurer or exchange:
(a) Has operated successfully and has capital and surplus of $5 million;
(b) Is the wholly owned subsidiary of an insurer which is an authorized insurer in this state;
(c) Is the successor in interest through merger or consolidation of an authorized insurer; or
(d) Provides a product or service not readily available to the consumers of this state, [emphasis added]
In the instant case, the Department interprets the “operated satisfactorily” requirement as bearing on the applicant’s qualifications to operate the line of insurance it seeks to operate in this state. Thus, the requirement is that the three-year’s previous operation be in the same type of insurance for which approval is sought. Appellant, on the other hand, contends that the statute contains no requirement that an insurer operate a specific line of insurance in its home state before being authorized to operate that line in Florida.
Whether the Department’s interpretation of Section 624.404, Florida Statutes, is the only possible interpretation of the statute, or the most desirable one, we need not say. State Department of Health and Rehabilitative Services v. Framat Realty, Inc., 407 So.2d 238 (Fla. 1st DCA 1981). It is within the range of permissible interpretation of the statute.
In PW Ventures, Inc. v. Nichols, 533 So.2d 281 (Fla.1988), the court held that “construction of a statute by the agency charged with its enforcement and interpretation is entitled to great weight. The courts will not depart from such construction unless it is clearly unauthorized or erroneous.” The rule is that “[a]ll doubts as to the propriety of means or methods used in exercise of a power clearly conferred should be resolved in favor of the *735 action of the agency in the interest of the administration of the law”. 1 Fla.Jur.2d Administrative Law § 41, p. 593. The Department’s interpretation of the term “satisfactorily operated” is consistent with the intent of Chapter 624 to ensure that experienced, responsible insurers are operating in this state. An insurer who qualifies in one line of insurance may not have the expertise in a different line. Appellant has failed to prove that the Department’s interpretation of the statute is clearly erroneous.
Accordingly, we affirm the denial of the petition for amendment to the certificate of authority.
BOOTH, SMITH and ALLEN, JJ., concur.